

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JAMES LEE LARSON, | ) | CV 08-02-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA DEPARTMENT OF HEALTH AND HUMAN SERVICES, MONTANA DEPARTMENT OF CORRECTIONS, MONTANA STATE HOSPITAL TREATMENT TEAM, and CROSSROADS CONNECTIONS, INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Larson has filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights arising out of his transfer from the Montana State Hospital to the Montana State Prison. Larson is a state prisoner proceeding pro se.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Amended Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and

identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Amended Complaint for failure to state a claim upon which relief can be granted. Judge Strong explained that a prisoner does not have a constitutional right to incarceration in the institution of his choice. With respect to Plaintiff's claims for denial of mental health care, Judge Strong concludes that the Montana State Prison is entitled to Eleventh Amendment immunity and Corrections Corporation of America is a private entity that may not be held liable under a respondeat superior theory. Judge Strong also determined that Plaintiff Larson's allegations against CCA officers and administration remain impermissibly vague, despite notice to Larson of the deficiency and instructions from this Court to set forth specific facts supporting each alleged violation of Larson's constitutional rights.

Plaintiff Larson did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's

-2-

Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Amended Complaint is DISMISSED for failure to state a claim, and all pending motions are denied as moot.

IT IS FURTHER ORDERED that Plaintiff Larson's filing of this action constitutes a strike for purposes of 28 U.S.C. § 1915(g).

DATED this 24th day of June, 2008.

Donald W. Molloy, District Judge
United States District Court